UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREEDOM OF THE PRESS FOUNDATION,

    Plaintiff,

    v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT

        Defendant.

Civil Action No. 25-03883 (APM)

## JOINT STATUS REPORT

In response to the Court's February 5, 2026, Order (ECF No. 6), the parties submit the following status report:

1.      Plaintiff seeks relief in connection with its FOIA request submitted in June 2025. See generally Compl. (ECF No. 1). Defendant answered the Complaint on January 20, 2026. (ECF No. 5).

### Defendant's Position

2.      Defendant advises that this request was tasked by ICE FOIA to the Office of the Chief Information Office ("OCIO") which completed its search for potentially responsive records. A joint status report was filed on February 4, 2026. (ECF No. 7).

3.      Defendant is currently experiencing a lapse of appropriations from February 14, 2026, through the present. Due to this lapse of appropriations, staff in the ICE FOIA office are furloughed and not permitted to process responsive records.

4.      Defendant respectfully requests that the parties file another Joint Status Report thirty (30) days after the lapse of DHS appropriations has ended.

**Plaintiff's Position**

5.    The search in this matter was completed prior to the filing of the parties last status report, yet Plaintiff has received no information about the number of records found, their nature, or the agency's plan to process them.

6.    The underlying subject matter of Plaintiff's FOIA request, attempted congressional visitation to ICE detention facilities, was also affected by ICE's policy decisions regarding which staff to furlough in a prior lapse in appropriations. As explained in Plaintiff's Complaint [Doc. 1], ICE's unexpected furlough of staff assigned to responding to congressional inquiries prompted a letter from fifteen Members of Congress to Acting Director Lyons in October 2025 complaining that "ICE continues to conduct raids, make arrests, deny bonds, and execute removal orders, but the staff who would answer inquiries from congressional offices about the location and safety of the individuals in ICE custody are furloughed. This is unacceptable."[1]

7.    The records in this litigation relate directly to congressional disapproval of how DHS and ICE have spent appropriated monies, and the policy demands made by congressional leaders prior to appropriating further funds to the agency. There is current and strong public interest in the records requested and an ongoing need for Defendants to continue processing Plaintiff's request. Because the records are congressional emails to the agency for oversight purposes, and thus not inter- or intra-agency by definition, no privilege review is necessary, which limits the subject matter expertise necessary for the review process.

8.    Defendant ICE has the capacity to process FOIA requests during the lapse in appropriations. In DHS's own plan for lapses in agency appropriations, issued in September, 2025,

---

[1] Eric Bazail-Eimil, *ICE quietly furloughed its congressional relations team during shutdown*, POLITICO (Oct. 29, 2025), https://www.politico.com/live-updates/2025/10/29/congress-ice-quietly-furloughed-its-congressional-relations-team-during-shutdown-00627355.

the agency lists "ongoing litigation in Federal court for which a stay has not been issued" as an illustrative example of an excepted activity that may be performed during a lapse. U.S. Dep't of Homeland Sec., Procedures Relating to a Lapse in Appropriations, at 26 (Sept. 29, 2025), https://www.dhs.gov/sites/default/files/2025-09/2025_0930_dhs_procedures_related_to_a_lapse_in_appropriations.pdf (regarding acceptable use of travel resources). The same policy document explains that administrative staff may be exempt or excepted from furlough to "render assistance to excepted legal counsel functions in matters such as active litigation in a variety of judicial and administrative venues." Id., at 39.

9.      Defendant has acknowledged in other litigation before this Court that ICE is using resources available to the agency, including contractors, to process records in FOIA cases where there is a court-ordered schedule, though it is described as a "measure of last resort." Declaration of Kenneth Clark ¶ 14 n. 1, *Democracy Forward Foundation v. U.S. DHS, et al.*, Case No. 1:25-cv-04089 (D.D.C., Mar. 11, 2026), ECF No. 17-1. Notwithstanding the lapse in appropriations, on March 17, 2026, Judge Amir H. Ali ordered the agency to process 846 pages of records potentially responsive to that plaintiff's FOIA request by April 30, 2026.

10.     ICE FOIA staff have posted eight documents to the agency reading room in the period since February 13, 2026. *See* FOIA ICE Library, (accessed Mar. 23, 2026), https://www.ice.gov/foia/library.

11.     This Court has ample equitable authority to require Defendant ICE to process the records at issue here notwithstanding the lapse in appropriations. Further, under executive branch legal interpretation, ICE can process records when required to by a court order. See U.S. Dep't of Justice, FY2026 Contingency Plan, at 3 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl ("If a court denies [a stay] request and orders a

case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue.").

12.    Courts have also lifted or declined to issue stays in FOIA cases during lapses in appropriations. *See* Order*, Freeman v. U.S. Census Bureau*, Case No. 25-cv-7834 (S.D.N.Y. Oct. 16, 2025), ECF No. 23 (lifting stay imposed by standing order during lapse in a case where FOIA requests sought data of public interest); Minute Order, *University of Washington v. DHS*, Case No. 24-cv-1872 (W.D. Wa., Mar. 2, 2026), ECF No. 31 (declining to reinstate stay of FOIA case following parties' statements in JSR where Plaintiff argued a stay would allow "ICE to continue to detain thousands of individuals while simultaneously preventing the public from knowing critical details about those detainments").

13.    In FOIA actions which have had stays granted during the current lapse in appropriations, relevant orders have granted the agency far fewer than 30 days following the resumption of appropriations to file further status reports. *See* Minute Order, *Just Futures Law et al v. Immigration and Customs Enforcement*, Case No. 25-2207 (D.D.C., Feb. 19, 2026) (ordering a joint status report within three (3) days of appropriations being restored); Minute Order, *Amica Center for Immigrant Rights v. ICE*, Case No. 25-3867 (D.D.C., Mar. 3, 2026) (ordering status report no later than five days after the end of the lapse in appropriations).

14.    Plaintiff requests that this Court set a schedule for ICE to review the records it has found in its search at a limited rate of 250 pages by April 30, or, in the alternative, order that the parties submit a further status report no later than five days after the end of the lapse in appropriations.

Date:   March 23, 2026
Washington, DC

                                        Respectfully submitted,


s/ *Kevin H. Bell*_____            JEANINE FERRIS PIRRO
Kevin H. Bell                          United States Attorney
DC Bar # 90015600
kevin@freeinformationgroup.com         *By:      /s/ Samantha-Josephine Baker*
                                       SAMANTHA-JOSEPHINE BAKER
Ginger Quintero-McCall                 FL Bar #105714
DC Bar # 1001104                       Assistant United States Attorney
ginger@freeinformationgroup.com        601 D Street, NW
                                       Washington, DC 20530
Free Information Group, PLLC            Tel: (202) 252-2435
1100 13th St. NW, Ste. 800             Samantha-Josephine.Baker@usdoj.gov
Washington, DC 20005
(202) 946-3642                         *Attorney for the United States of America*
*Attorneys for Plaintiff*